UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DAVID ALLEN REED,

        Plaintiff,                    Case No. 2:15-cv-159

v.                                        Honorable Robert Holmes Bell

ADAM BERNHARDT, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff David Allen Reed, a state prisoner currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Adam Bernhardt and Warden Jeffrey Woods. Plaintiff alleges that he was "arbitrarily" placed on STG I status without receiving a formal hearing and has been labeled as such for over 7 years because of the fact that he is a member of the Detroit Highwaymen Motorcycle Club. Because of his STG designation, Plaintiff has always been on unemployable status. Plaintiff states that on February 26, 2015, he received a memorandum indicating that because of his unemployable status, he was being placed on room restriction. Plaintiff filed a grievance regarding this status, which was denied. Plaintiff asserts that in the step II grievance response, Defendant Woods acknowledged that URF OP [operating procedure] 05.01.100(D) does not include STG designation in the definition of unemployable status, but continued to allow the unwarranted punishment.

Plaintiff alleges that Defendant Bernhardt failed to conduct a hearing regarding Plaintiff's request to be removed from STG status. Plaintiff was subsequently denied parole as a result of his STG status, despite the fact that he had been misconduct free for two and a half years and had completed four different cognitive thinking programs. Plaintiff states that since the consequences for STG membership have changed, he has lost additional privileges, such as securepaks, Jpay e-mail, phone, and yard. Plaintiff states that these privileges were taken from him without the benefit of a hearing or other due process.

Plaintiff claims that Defendants' conduct violates his rights under the Fourteenth Amendment and seeks punitive damages and equitable relief.

**Discussion**

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his placement on STG status without a hearing, the denial of his request for removal from such status, and his placement on room restriction and loss of other privileges all violated his procedural due process rights. Plaintiff claims that he has a cognizable "liberty" interest in avoiding STG designation and the attendant loss of privileges. In order to prevail on a procedural-due-process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by government action. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Prisoners retain a liberty interest with respect to state-imposed prison discipline that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff does not a state a violation of his constitutional rights. Plaintiff does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Moreover, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976).

Relying on *Sandin,* the Sixth Circuit has held that a Michigan prisoner can no longer claim a liberty interest in his security classification. *See Harbin-Bey v. Rutter,* 420 F.3d 571, 577 (6th Cir.2005); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir.1995); *accord Mackey v. Dyke,* 111 F.3d 460 (6th Cir.1997). Plaintiff's designation as a STG member is nothing more than a security classification used by the prison. *Harbin Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005). Because Plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a due process claim.

Plaintiff claims that Defendants violated MDOC and prison policy by increasing his restrictions based on his STG status and denying his grievances. However, claims under § 1983 can only be brought for "deprivations of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1983). Section 1983 does not provide redress for a violation of state law or policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, to the extent that Plaintiff is asserting a violation of prison policy, his claim lacks merit.

Moreover, with regard to Plaintiff's unemployable status, the Court notes that Plaintiff has no inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980). Therefore, Plaintiff's status as unemployable does not violate the Fourteenth Amendment.

Finally, Plaintiff claims that the imposition of a room restriction on him merely because of his status as unemployable is a violation of his due process rights. A review of the attachments to Plaintiff's complaint reveals that "unemployable and/or leisure time restrict status" means that "[a]ll leisure time/recreational activities will be suspended between 1400 and 2200 hours." *See* ECF No. 1-1, PageID.9. However, prisoners who are on unemployable status "cannot be denied visits, parole hearings, primary religious services, attorney/ombudsman visits, prisoner related hearings, or medical/psychological services." *Id.* In addition, such prisoners will be allowed to attend law library prior to 1400 hours, if available, and will be allowed full store access. *Id.* Therefore, it is clear that Plaintiff's room restriction is only for a portion of each day and that it does not prevent him from engaging in many of the activities available to prisoners who are not STG members. Such a restriction falls far short of that imposed on prisoners in administrative segregation, which the Sixth Circuit has often held does not involve an "atypical and significant" hardship implicating a protected liberty interest. *See e.g., Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (holding a Michigan prisoner's complaint about his placement in administrative segregation without a hearing did not rise to the level of an "atypical and significant hardship"). The Court concludes that the room restriction to which Plaintiff is being subjected does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Therefore, Plaintiff's due process claims are properly dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: May 20, 2016                          /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE